UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

In re:

SKALITZKY BROTHERS, LLC,

Debtor.

Case No. 10-16025-11

**EMERGENCY MOTION FOR AUTHORIZATION TO
USE CASH COLLATERAL AND ADEQUATE PROTECTION**

The above-named Debtor, by its attorneys, Krekeler Strother, S.C., pursuant to 11 U.S.C. § 363 and FRBP 4007 and 9006, moves the Court for authority to use cash collateral and to provide adequate protection. The grounds for said Motion are as follows:

1. The Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code on August 9, 2010.

2. Debtor's farming operations consist primarily of a dairy herd and milking facilities. The dairy cows and the milk they produce are essential to the Debtor's business. Debtor currently employs two (2) workers to assist the Debtor's managing members, Ryan and Jacob Skalitzky with maintaining the farming operations.

3. Debtor's primary source of income is the milk proceeds it receives from its dairy business. Debtor has no other substantial source of income upon which it can rely to continue its farming operations.

4. National Exchange Bank and Trust (hereinafter the "Bank") claims to hold a valid first lien, among other things, in Debtor's livestock and the products therefrom, and farm equipment. The Bank claims it is owed approximately $758,579.00.

5. Landmark Services Cooperative ("Landmark") may also claim a lien on the above-described collateral, but Debtor believes that Landmark's interest is junior to the interest of the Bank.

6. Debtor requires immediate use of cash collateral to continue its farming operations and to meet its ordinary farming expenses, including but not limited to, feed, payroll and payroll taxes, insurance, veterinary, fuel, utilities and other farming costs.

7. If it is not permitted to use cash collateral, Debtor will be seriously harmed and may need to close down its operations forthwith without paying their employees, taxes and without being able to maintain and feed the livestock. Moreover, the going concern value of this enterprise will be lost in detriment of all creditors and the estate.

8. The Bank's interest in its collateral will be adequately protected as Debtor shall provide it with a replacement lien on all products of the livestock, and shall keep all of the Bank's collateral insured in addition to making an adequate protection payment of $6,549.30 per month (monthly interest on the obligations owed to the Bank), escrowing for 2010 real estate taxes as well as making a monthly payment to cover the interest accruing on the amount of delinquent real estate taxes owed at the time of the bankruptcy filing.

9. Landmark's interest in the collateral will also be adequately protected by the foregoing payments being made to the Bank and for real property taxes in that said payments will keep the interest of all said parties at the level they were at the time of the bankruptcy filing.

**WHEREFORE**, Debtor requests that the Court enter an order granting it authorization to use the cash collateral described above pursuant to the adequate protection offered by the Debtor, and for such other and further relief as the Court may deem just and equitable.

Dated this 13th day of August, 2010.

**KREKELER STROTHER, S.C.**

By: _____
Kristin J. Sederholm
State Bar No. 1001895
Attorneys for Debtor,
Skalitzky Brothers, LLC

**ADDRESS:**
15 N. Pinckney Street, Suite 200
P.O. Box 828
Madison, WI 53701-0828
(608) 258-8555

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

---

*In re:* SKALITZKY BROTHERS, LLC,

Case No. 10-16025-11

Debtor.

---

**NOTICE OF EMERGENCY MOTION FOR AUTHORIZATION TO USE CASH COLLATERAL AND ADEQUATE PROTECTION**

---

**PLEASE TAKE NOTICE** that the above-named Debtor, by its attorneys, Krekeler Strother, S.C., has filed an Emergency Motion with the Court seeking an order to authorizing the use of cash collateral and for adequate protection.

**<u>Your rights may be affected.</u> You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to order the relief sought in Debtor's Motion, or if you want the Court to consider your views on said Motion, then you or your attorney must attend a hearing scheduled before the Honorable Robert D. Martin presiding in his regular courtroom in the United States Bankruptcy Court for the Western District of Wisconsin, 120 North Henry Street, Madison, Wisconsin 53703, on August 17, 2010 at 10:30 a.m.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in Debtor's Motion and may enter an order granting that relief.

Dated this 13th day of August, 2010.

KREKELER STROTHER, S.C.

By: /s/ Kristin J. Sederholm
Kristin J. Sederholm
State Bar No. 1001895
Attorneys for Debtor,
Skalitzky Brothers, LLC

**ADDRESS:**
15 N. Pinckney Street, Suite 200
P.O. Box 828
Madison, WI 53701-0828
(608) 258-8555